IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Marcus King, | ) | Civil Action No.: 3:12-381-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Marcus King ("King") brought an action seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. In his Report and Recommendation ("Report"), the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 14.) King filed objections to the Report and Recommendation seeking a reversal of the Administrative Law Judge's ("ALJ") decision. (ECF No. 15.) For the reasons stated below, the court adopts the Report and Recommendation and affirms the Commissioner's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. King filed

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as Defendant in this action.

applications for DIB and SSI alleging a disability as of March 5, 2009, due to obesity, disorder of the back, disorder of the joint, and status post surgery to his right lower extremity. (Tr. 15, 19, 143-151, 173.) He has a limited education and past relevant work experience as a truck driver and mechanic's helper. (Tr. 20, 28, 82, 174, 187.) His applications were denied initially and upon reconsideration. (Tr. 15, 115-20, 126-28.) King requested a hearing before an Administrative Law Judge ("ALJ") which was held on November 22, 2010. (Tr. 59-94.) The ALJ found that King was disabled from March 5, 2009, through November 10, 2010, but that medical improvement occurred as of November 11, 2010, and King was no longer under a disability as defined by the Social Security Act because work exists in the national economy which King can perform. (Tr. 11-30.) The Appeals Council denied King's request for review (Tr. 1-5), making the ALJ's decision the final decision of the Commissioner. King subsequently filed an action in this court. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 14 at 22.) The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify

any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## III. PARTIES' RESPONSE

King filed objections to the Report and Recommendation ("Objections") on May 3, 2013, raising five objections, outlined below, which relate to the ALJ's analysis of the evidence. (ECF No. 15.)  The Commissioner filed a response to King's Objections to the Magistrate Judge's Report arguing that King is merely attempting to renew the same arguments made before the Commissioner and the Magistrate Judge. (ECF No. 16.)

## IV. DISCUSSION OF THE LAW

### A. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976).  In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (*citing Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the

court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

B. **ALJ'S CONSIDERATION OF AVAILABLE EVIDENCE IN MAKING DETERMINATION.**

As an initial matter, King largely reiterates arguments made in his previous briefings before this court, and generally objects to the ALJ's determinations as it relates to his claims. A party's general objections, however, are not sufficient to challenge a magistrate judge's findings. *See Pickens v. U.S. Dep't of Justice*, 479 Fed. Appx. 460, 461 (4th Cir. 2012)(unpublished decision)( "in order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the true ground for the objection."); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. 2011). In considering King's objections, the court makes every effort to identify objections actually directed toward the Magistrate Judge's Report and Recommendation and in fact, call the Magistrate Judge's reasoning and analysis into question. In reviewing for substantial evidence, it is not this court's job

to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir.1996).

First, King contends that the ALJ failed to consider all of the available evidence when determining that King had medically improved and therefore was not disabled after November 11, 2010. (ECF No. 15 at 1.) King argues that additional evidence submitted after the administrative hearing was not properly considered by the ALJ, specifically a note from a certified physician's assistant ("PAC"), who worked for Dr. Gerald Rollins, that King did not have the physical capacity to work. (ECF No. 15 at 2.) King also asserts that the ALJ ignored a recommendation by Dr. Michael Funderburk that King should undergo probable open revision surgery. (Tr. 360-362; ECF No. 15 at 2-3.) These matters were fully addressed by the Magistrate Judge. Contrary to King's assertion in his Objections, the ALJ did mention Dr. Funderburk's opinion about the potential need for revision surgery. (ECF No. 15 at 3 ("[The ALJ]. . . did not even mention the opinion of Dr. Funderburk that the Plaintiff would need revision surgery."); Tr. 25). A review of the ALJ's decision indicates that he considered the evidence submitted after the hearing when determining that King was not disabled after November 11, 2010, meaning that he did not disregard the records submitted concerning the opinions of PAC Lewis and Dr. Funderburk. (Tr. 25-26.) The ALJ then discussed the evidence in the record that demonstrated medical improvement. (Tr. 26.) In reviewing the ALJ's decision, the Magistrate Judge noted importantly, that PAC Lewis, a physician's assistant, is not even an acceptable treating source whose medical opinion may be entitled to controlling weight. *See* 20 C.F.R. § 404.1513; SSR 06-03p, 2006 WL 2329939 (2006); 20 C.F.R. § 404.1527(a)(2). Even still, the record reflects appropriate consideration of this medical source. *See* SSR 06-03p. Of course, PAC Lewis's non-medical opinions, i.e., indicating claimant is unable to return to prior work, are not entitled to any special significance. *See* 20 C.F.R. § 404.1527(d);

*Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002) (statements that a claimant could not be gainfully employed are not medical opinions, but opinions on the application of the statute, a task assigned solely to the discretion of the Commissioner). The court finds that the ALJ properly considered the relevant evidence in the record when making his disability determination and further finds no error in the Magistrate Judge's review on this point. King has not stated anything that would make this court find any error in the Magistrate Judge's analysis.

      **C.    WEIGHT ASSIGNED TO THE OPINIONS OF KING'S TREATING PHYSICIAN.**

Next, King challenges the ALJ's consideration of King's treating physician, Dr. Rollins. (ECF No. 15 at 3.) King alleges that the Magistrate Judge incorrectly determined that the opinion of the treating physician was given appropriate consideration. (ECF No. 15 at 3.) The court notes that the Magistrate Judge fully addressed King's contentions of error regarding the weight assigned to the opinion of Dr. Rollins and the analysis conducted by the ALJ as required by 20 C.F.R. § 404.1527. (ECF No. 14 at 15-16.)

Generally, an ALJ will "accord greater weight to the testimony of a treating physician" but the relevant rule does not require that the testimony always be given controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). The ALJ is to give controlling weight to a treating physician's opinion if it is not inconsistent with substantial evidence in the record and is well supported by clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2); *see also* SSR 96-2p, 1996 WL 374188, at *5 (1996) (requiring the ALJ to provide an explanation of the weight given to the treating source's medical opinion). By negative implication, it follows that a treating physician's opinion can be accorded less weight if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence. *Mastro v.*

*Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

Here, the ALJ gave great weight to the majority of Dr. Rollins' opinion about King's ability to work and associated restrictions. The record adequately supports the ALJ's decision to discount the one instance where Dr. Rollins indicated that King would miss more than four days a month from work. The ALJ stated that he discounted this portion of the opinion because Dr. Rollins did not articulate any basis for the conclusion and because there was no objective medical evidence to support this portion of the opinion. (Tr. 27.) As the Magistrate Judge noted, the ALJ also gave examples of medical records which contradicted this portion of Dr. Rollins' opinion and took into account Plaintiff's activities of daily living. (ECF No. 14 at 17.) If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The court agrees with the Magistrate Judge that the ALJ applied the correct legal principles and sufficiently described his reasons for giving a certain portion of Dr. Rollins' opinion limited weight. Here, there is substantial evidence in the entire record that supports the ALJ's decision concerning the appropriate weight given to Dr. Rollins' opinion and the court finds no reversible error with respect to this issue.

    **D. SUPPORT FOR ALJ'S RFC ASSESSMENT OF KING.**

King also argues that there is no substantial evidence to support the ALJ's Residual Functional Capacity ("RFC") assessment that King would be able to perform a reduced range of sedentary work. He specifically argues that the ALJ failed to include specific references to the medical evidence in making this assessment and also claims that the ALJ ignored treating physician opinions which purportedly establish a lower RFC assessment. (ECF No. 15 at 5.) Although King does not object to any portion of the Magistrate Judge's Report on these previously presented arguments, the court notes that the Magistrate Judge correctly concluded that the ALJ's RFC analysis

was supported by the opinion of Dr. Rollins' (other than the portion about absenteeism), state agency physician Dr. George Chandler, as well as other relevant evidence. (ECF No. 14 at 18.) The court particularly notes that the ALJ expressly states that he gave great weight to Dr. Rollins' assessment on King's ability to sit, stand, and walk and used the non-exertional limitation set forth by Dr. Chandler in his RFC analysis because Dr. Rollins failed to articulate the need for any non-exertional limitations. (Tr. 26.) The Magistrate Judge found that the ALJ's decision reflects a thorough review and analysis of the evidence and provides substantial evidence to support the ALJ's RFC finding. Again, this court finds that the ALJ's decision is supported by substantial evidence and also indicates that he conducted the necessary analysis of these issues.

      E.      **CONSIDERATION OF VOCATIONAL CONSEQUENCES OF PAIN ON KING.**

King asserts that the ALJ failed to give appropriate consideration to the vocational consequences of pain on King's capacity to work for eight hours a day, five days a week, after November 11, 2010. (ECF No. 15 at 5.) In particular, King notes that the medical records prior to and following the November 11, 2010 date indicate that King was still experiencing pain and that he testified at the administrative hearing about the pain he was feeling. (ECF No. 15 at 5-6.)

Under the standard set forth in *Craig v. Chater*, 76 F.3d at 591–96, subjective complaints are evaluated in two steps. First, there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged. Once such underlying impairment is deemed established, the fact finder proceeds to the second step. The second step includes consideration of the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective complaint and to determine the extent the complaints limit a claimant's ability to

work. *See also* 20 C.F.R. § 404.1529(b); SSR 96–7p, 1996 WL 374186 (1996). Particularly relevant here, the Magistrate Judge noted that a claimant's allegations about pain need not be accepted to the extent they are inconsistent with the available evidence. (ECF No. 14 at 20.) The Magistrate Judge fully addressed King's argument on the issue of "the vocational consequences of pain" and the manner in which the ALJ conducted this portion of his analysis. (ECF No. 14 at 20.) Here again, King has taken no specific objection to the Magistrate Judge's Report and Recommendation and the finding that the ALJ properly applied the applicable test, properly considered King's subjective pain symptoms as part of his analysis, and reasonably found that King's subjective pain complaints were inconsistent with the objective medical evidence and medical source opinions in the record. (ECF No. 14 at 20-21.) Of note, the ALJ highlighted portions of the medical evidence, particularly comments from treating sources, which suggest that King was overstating the severity of his pain. (Tr. 27.) After a careful review of the ALJ's decision, the court finds that the ALJ applied the controlling law and that his pain analysis is supported by substantial evidence.

        **F.    ALJ'S CREDIBILITY CONSIDERATION.**

Relatedly, King also claims that the ALJ erred in failing to make a credibility determination and states that the ALJ only stated that claimant's statements were less than fully credible. (ECF No. 15 at 6.) King argues that his testimony, considered as a whole and in conjunction with the statements of his treating physicians, is credible. (ECF No. 15 at 7.) As noted above, the medical evidence considered and discussed by the ALJ is inconsistent with King's claims. For example, King complains that the ALJ failed to make a proper credibility determination for the time period after November 11, 2010 but medical records from November 2010 indicate that King was receiving his last prescription for pain medicine that month and should not need any more refills. (Tr. 27,

-9-

356.)  Further, the ALJ also discounted King's subjective allegations of pain based on a consideration of King's testimony about his activities of daily living which he found to be inconsistent with the severity of limitations and pain alleged. (Tr. 26-27.) Inconsistencies between a claimant's alleged symptoms and the evidence of record may support a finding that the claimant is not fully credible.  *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994).  In light of the above, the court finds that the ALJ's decision to discount King's credibility is supported by substantial evidence.

**V.  CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ and King's Objections to the Report and Recommendation, and concurs in the recommendation of the Magistrate Judge.  Thus, the Court adopts the Report and Recommendation and incorporates it herein by reference.  Accordingly, King's objections are overruled.  The decision of the Commissioner is AFFIRMED.

    IT IS SO ORDERED.

                                        s/Mary G. Lewis
                                        United States District Judge

Spartanburg, South Carolina
July 9, 2013